UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD RANDOLPH RHODEN, #205474,

        Petitioner,

                                         CASE NO. 2:08-CV-11329
v.                                        HONORABLE NANCY G. EDMUNDS

MARY BERGHUIS,

        Respondent.
                                     /

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS,
AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

      Michigan prisoner Richard Randolph Rhoden, through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court criminal convictions. Petitioner was convicted of three counts of third-degree criminal sexual conduct and one count of fourth-degree criminal sexual conduct following a jury trial in the Wayne County Circuit Court. He was sentenced to concurrent terms of 8 years 3 months to 15 years imprisonment on the third-degree criminal sexual conduct convictions and a concurrent term of 1½ years to 2 years imprisonment on the fourth-degree criminal sexual conduct conviction.

      In his pleadings, Petitioner raises claims concerning the admission of alleged hearsay evidence and his confrontation rights, the admission of other acts evidence, a limitation on the cross-examination of a witness and his right to present a defense, and alleged jury coercion. Respondent has filed an answer to the petition contending that it should be dismissed on exhaustion grounds

1

and/or denied because the claims lack merit. For the reasons stated herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from his sexual assault upon a 15-year-old girl at his home in Wayne, Michigan in August, 2004. The Court adopts Petitioner's statement of facts as set forth in his petition, insofar as those facts are consistent with the record, as Respondent has accepted those facts and not disputed them. *See Dickens v. Jones*, 203 F. Supp. 2d 354, 360 (E.D. Mich. 2002); *see also Bland v. California Dep't. of Corrections*, 20 F.3d 1469, 1474 (9th Cir. 1994).

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising claims concerning the admission of other acts evidence, the denial of the defense motion to exclude medical testimony or adjourn trial, the cumulative effect of several evidentiary rulings, jury coercion, and the scoring of the sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions, but remanded for entry of an amended judgment of sentence. *People v. Rhoden*, No. 262102, 2006 WL 2060419 (Mich. Ct. App. July 25, 2006) (unpublished). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Rhoden*, 477 Mich. 1063, 728 N.W.2d 462 (2007).

Petitioner, through counsel, thereafter filed the present petition asserting the following claims as grounds for habeas relief:

    I.      The Michigan courts erred in allowing hearsay evidence to be admitted into evidence on the basis of an "excited utterance" or on the basis of prior consistent statement when the said utterance was days after the incident and where such statement was not a prior consistent statement, thereby depriving Petitioner of his right to confrontation under the Sixth Amendment.

2

II. The Michigan courts erred in allowing another witness to testify as to other bad acts of Petitioner pursuant to Michigan Rule of Evidence 404B where there was no basis to allow such evidence under the law and where permitting the same tainted the trial in a fundamental manner, thereby depriving Petitioner of due process under the Fourteenth Amendment.

III. The trial court erred when in precluded Petitioner from pursuing, through cross-examination, his theory that the complainant's motive for lying was to return home to be with friends in Arizona, thereby infringing upon his constitutional right to present a defense.

IV. The trial court erred when it intimidated the jury into believing that the court would not allow the jury to be excused due to being deadlocked by going beyond the standard jury deadlock instruction when it "advised" them of the following week's schedule, violating Petitioner's right to a fair trial and due process under the Fourteenth Amendment.

Respondent has filed an answer to the petition contending that it should be dismissed because three of the four claims have not been properly presented as federal issues and exhausted in the state courts. Respondent also asserts that the petition should be denied because all four claims lack merit.

### III. STANDARD OF REVIEW

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of

4

lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## IV. ANALYSIS

### A. Exhaustion

As an initial matter, Respondent contends that the petition should be dismissed on exhaustion grounds because Petitioner failed to present three of his four claims (habeas claims I, II, and IV) as federal issues in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

To satisfy the exhaustion requirement, a petitioner "must have 'fairly presented' the substance of each of his federal constitutional claims to the state courts." *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995)). A petitioner "fairly presents" his claim to the state courts by either (1) relying upon federal cases employing federal constitutional analysis; (2) relying upon state cases employing such an analysis; (3) phrasing the claim in terms of federal constitutional law; or (4) alleging facts within the mainstream of federal constitutional law. *Clinkscale*, 375 F.3d at 437 (quoting *Newton v. Million*,

5

349 F.3d 873, 878 (6th Cir. 2003)).  A petitioner must fairly present his claims at each level of state court review.  *See O'Sullivan*, 526 U.S. at 845-47; *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  The burden is on the petitioner to prove exhaustion.  *Rust*, 17 F.3d at 160.

Even assuming that Petitioner has not properly exhausted all of his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis.  While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000).  For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies).  The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims because further exhaustion in the state courts is likely to be futile and because the claims lack merit and may be denied despite any lack of exhaustion.  The Court will therefore proceed to the substance of Petitioner's claims.

### B.  Hearsay/Confrontation Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erred when it admitted testimony from the victim's father recounting their conversation in which the victim told her father that Petitioner had raped her.  Petitioner alleges a violation of state evidentiary rules and his federal confrontation rights.  Respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied Petitioner relief on this claim finding that while the

6

trial court may have misapplied the Michigan Rules of Evidence in admitting the victim's statement to her father as an excited utterance and/or a prior consistent statement, the testimony was nonetheless admissible under state law as non-hearsay. *See Rhoden*, 2006 WL 2060419 at *4-5. The state court's denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

As an initial matter, the Court notes that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dept. of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). To the extent that Petitioner asserts that the trial court erred in admitting the statement under the Michigan Rules of Evidence, he merely alleges a violation of state law which does not entitle him to federal habeas relief. *See, e.g., Wheeler v. Jones*, 59 F. App'x 23, 28 (6th Cir. 2003). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See, e.g., Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Moreover, Petitioner is not entitled to relief on his claim that the admission of the evidence violated his confrontation rights.[1] The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right...to be confronted with the

---

[1]Because the Michigan Court of Appeals did not specifically address whether the alleged error constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the constitutional issue is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

witnesses against him...." U.S. Const. amend. VI. The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him. *See Davis v. Alaska*, 415 U.S. 308, 315 (1973). The Confrontation Clause is not violated, however, when a declarant who made challenged hearsay statements testifies at trial and is available for the defendant to confront. *See Nelson v. O'Neil*, 402 U.S. 622, 626-27, 629-30 (1971); *California v. Green*, 399 U.S. 149, 161 (1970) ("none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial"). In this case, the victim testified at trial and Petitioner had the opportunity to cross-examine her about the statements that she made to her father concerning the incident. Thus, the admission of the victim's prior statement did not violate the Confrontation Clause.

Moreover, even if the victim had not testified, the admission of her statements to her father would not have violated the Confrontation Clause. The Sixth Amendment protections are not so broad as to exclude the admission of certain hearsay statements against a criminal defendant despite his or her inability to confront the declarant at trial. *See Maryland v. Craig*, 497 U.S. 836, 847-48 (1990). In *Crawford v. Washington*, 541 U.S. 36, 54 (2004), the United States Supreme Court held that the *testimonial* statement of a witness who does not appear at trial is inadmissible unless the witness is unavailable to testify and the defendant has had a prior opportunity to cross-examine the witness. Testimonial statements include preliminary hearing testimony, grand jury testimony, prior trial testimony, and statements made during police interrogations. *Crawford*, 541 U.S. at 54. Testimonial statements do not include remarks made to family members or acquaintances, business records, or statements made in furtherance of a conspiracy. *Id*. at 51-52, 56; *United States v. Martinez*, 430 F.3d 317, 328-29 (6th Cir. 2005); *see also United States v. Stover*, 474 F.3d 904,

8

912-13 (6th Cir. 2007). The victim's statements to her father were non-testimonial in nature. *Crawford* is thus inapplicable to the case at hand.

Furthermore, the Supreme Court has made clear that the Confrontation Clause is not implicated, and need not be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 547 U.S. 813, 823-24 (2006); *see also Whorton v. Bockting*, 549 U.S. 406, 420 (2007) (noting that the Confrontation Clause "has no application to such statements and therefore permits their admission even if they lack indicia of reliability"); *Doan v. Carter*, 548 U.S. 449, 458 (6th Cir. 2008); *United States v. Arnold*, 486 F.3d 177, 192-93 (6th Cir. 2007) (en banc). Petitioner has not shown that the admission of the challenged testimony violated his confrontation rights or otherwise rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

### C. Admission of Other Acts Evidence Claim

Petitioner next asserts that the admission of testimony regarding his sexual advances toward a female co-worker at his apartment was improper under state law and violated his due process rights. The co-worker, Rebecca Collins, and her boyfriend, Roger Gove, both provided testimony about the incident. Respondent contends that this claim is not cognizable upon habeas review and lacks merit.

As noted, alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra*, 4 F.3d at 1354. Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh*, 329 F.3d at 512; *Clemmons*, 34 F.3d at 356.

As to the admission of prior acts, the United States Supreme Court has declined to hold that

similar "other acts" evidence is so extremely unfair that its admission violates fundamental conceptions of justice. *See Dowling v. United States*, 493 U.S. 342, 352-53 (1990).[2] Thus, "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh*, 329 F.3d 496, 512 (6th Cir. 2003). Consequently, there is no Supreme Court precedent that the state court decisions could be deemed "contrary to" under 28 U.S.C. § 2254(d)(1). *Id*. at 513; *see also Adams v. Smith*, 280 F. Supp. 2d 704, 716 (E.D. Mich. 2003). Moreover, Petitioner's claim that the state trial court violated Michigan Rule of Evidence 404(b) by admitting the other acts evidence is not cognizable on habeas review. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). Petitioner has thus failed to state a claim upon which habeas relief may be granted as to this issue.

Furthermore, even if Petitioner states a cognizable claim, he is not entitled to relief. Petitioner has not shown that the disputed evidence rendered his trial fundamentally unfair. As explained by the Michigan Court of Appeals in reviewing this issue under state law, testimony about Petitioner's sexual advances toward his co-worker (from the woman and her boyfriend) was relevant to show a common plan or scheme, *i.e.* Petitioner was drunk and took advantage of the women while alone with them in his home. The evidence was not more prejudicial than probative, nor was it cumulative to other evidence. Such testimony was properly admitted under state law and the prosecution did not make an improper character or propensity argument based on the evidence. Petitioner has not shown that the admission of this evidence was erroneous or, more importantly, that it rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

---

[2]While the Supreme Court has addressed whether prior acts testimony is permissible under the Federal Rules of Evidence, *see Old Chief v. United States*, 519 U.S. 172 (1997); *Huddleston v. United States*, 485 U.S. 681 (1988), it has not explicitly addressed the issue in constitutional terms.

### D. Limit on Cross-Examination/Right to Present a Defense Claim

Petitioner next asserts that the trial court erred and violated his right to present a defense by limiting defense counsel's cross-examination of the victim regarding the identity of the person who she had been contacting in Arizona while living with her father in Michigan. Respondent contends that this claim lacks merit.

The right of an accused to present a defense has long been recognized as "a fundamental element of due process." *Washington v. State*, 388 U.S. 14, 19 (1967); *see also United States v. Scheffer*, 523 U.S. 303, 308 (1998); *Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986). However, "a defendant's right to present evidence is not unlimited, but rather is subject to reasonable restrictions." *Scheffer*, 523 U.S. at 308. As explained by the Supreme Court, "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.... [T]he Constitution permits judges "to exclude evidence that is 'repetitive ... only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) (citations omitted).

Excluded evidence violates the right to present a defense only if the exclusion is arbitrary or disproportionate to the purpose it was designed to serve or infringes on a weighty interest of the accused. *Scheffer*, 523 U.S. at 308. "A defendant's interest in presenting...evidence may thus bow to accommodate other legitimate interests in the criminal trial process." *Id*. (internal quotations omitted). In determining whether the exclusion of evidence infringes upon a defendant's rights, the question is not whether the excluded evidence would have caused the jury to reach a different result. Rather, the question is whether the defendant was afforded "a meaningful opportunity to

present a complete defense." *Crane*, 476 U.S. at 690 (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)); *see also Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

The Michigan Court of Appeals denied relief on this claim, finding that the trial court's limitation was appropriate because the identity of the person who the victim contacted in Arizona was irrelevant and cumulative. The court further determined that Petitioner was not deprived of the right to present a defense because the victim and her father both testified that the victim missed her friends in Arizona, kept in touch with them on Petitioner's computer and cell phone, and preferred to live in Arizona rather than with her father in Michigan. *Rhoden*, 2006 WL 2060419 at *3-4.

This decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The identities of the victim's friends in Arizona were irrelevant. The victim testified that one of her best friends lived in Arizona, that she missed her friends in Arizona, and that she preferred to stay in Arizona instead of visiting her father in Michigan. Additionally, both the victim and her father testified that the victim kept in touch with her Arizona friends using Petitioner's computer and cell phone. Thus, Petitioner was able to effectively present and argue from the admitted testimony his defense that the victim fabricated the assault so that she could return to Arizona. Petitioner has failed to establish how revealing the identity of the victim's Arizona contacts would have benefitted his defense. The jury was well aware of Petitioner's defense to the charges. Petitioner has not shown that the trial court erred or that the trial court's ruling deprived him of the right to present a meaningful defense. Habeas relief is not warranted on this claim.

### E. Jury Coercion Claim

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court coerced the jury into reaching a verdict by advising them that they would have to resume deliberations on Monday if they did not reach a verdict by the end of the day on Friday. Respondent contends that this claim is barred by procedural default and lacks merit. This Court agrees.

Federal habeas relief may be precluded on claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *See Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last *explained* state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id*.

Here, the Michigan Court of Appeals rendered the last reasoned opinion. In denying relief on this claim, the court relied upon a state procedural bar – Petitioner's failure to preserve the issue for appeal. The court then reviewed the issue for plain error affecting Petitioner's substantial rights and found that the trial court's instruction was not coercive and did not constitute plain error. *Rhoden*, 2006 WL 2060419 at *6.

The failure to make a contemporaneous request or objection is a recognized and firmly-

established independent and adequate state law ground for refusing to review trial errors. *See People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130 (1999); *People v. Stanaway*, 446 Mich. 643, 687, 521 N.W.2d 557 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *See Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *See Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *See McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). The Michigan Court of Appeals denied this claim based upon Petitioner's failure to preserve the issue for appeal.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 753; *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996). Petitioner neither alleges nor establishes cause to excuse this procedural default. A federal habeas court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes that Petitioner cannot demonstrate prejudice as this claim lacks merit. "The Sixth and Fourteenth Amendments guarantee a criminal defendant an impartial jury in state court." *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008) (citing *Ristaino v. Ross*, 424

U.S. 589, 595 n. 6 (1976); *Irvin v. Dowd*, 366 U.S. 717, 722 (1961)). Jurors, however, are presumed to be impartial, *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006) (citing *Irvin*, 366 U.S. at 723), and "due process does not require a new trial every time a juror has been placed in a potentially compromising situation .... Due process means a jury capable and willing to decide the case solely on the evidence before it...." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). The petitioner bears the burden of proving that the jury was biased. *See United States v. Wheaton*, 517 F.3d 350. 362 (6th Cir. 2008).

Although judicial comments on the time and expense of trial may be coercive when given as part of an instruction to a deadlocked jury, *see United States v. Scott*, 547 F.2d 334, 337 (6th Cir.1977) (reference to crowded docket was coercive); *United States v. Harris*, 391 F.2d 348, 354 (6th Cir. 1968) (reference to cost of retrial was questionable), such comments do not deprive a defendant of a fair trial or require reversal if the trial court's instructions as a whole are not coercive. *See, e.g., United States v. Hayes*, 884 F.2d 1393, 1989 WL 105937, *3 (6th Cir. 1989) (unpublished) (reference to expense was stated as only one reason for the jury to attempt to agree on a verdict and did not render instruction coercive); *United States v. Giacalone*, 588 F.2d 1158, 1167 (6th Cir. 1978) (instruction which did not overly emphasize expense of trial was not coercive).

While the trial court's comments in this case were made during the course of deliberations; they were not specifically given as part of a deadlocked jury instruction nor done to encourage the jury to reach a verdict. To the contrary, the record indicates that the trial judge merely informed the jurors that if they did not reach a decision by 4:00 or 4:15 p.m. on Friday, they would be excused from the jury room until 9:00 a.m. on Monday when they would resume their deliberations. The trial court did not rush the jury nor indicate that it would require them to deliberate for an

extended or unreasonable amount of time. The trial court's remarks were administrative in nature, not coercive, and they did not deprive Petitioner of a fair trial.

Petitioner has also not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has made no such showing. This claim is thus barred by procedural default, otherwise lacks merit, and does not warrant relief.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's dispositive decision, a certificate of appealability ("COA") must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude

the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims and that jurists of reason would not find the Court's procedural ruling debatable. The Court therefore **DENIES** a certificate of appealability. The Court also concludes that any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). The Court therefore **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: April 20, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager